**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CATHERINE F. VELARDO, NELSON J. VELARDO,**

**Plaintiffs,**

-vs-                                                                 Case No.  6:07-cv-1253-Orl-31GJK

**FREMONT INVESTMENT & LOAN,**
**AMERICA'S SERVICING COMPANY,**
**EASTERN SEABOARD FINANCIAL,**

**Defendants.**

_____

# ORDER

This matter comes before the Court on a Motion to Dismiss the Plaintiffs' Amended Complaint with Prejudice (Doc. 53), filed by Defendant America's Servicing Company, and Plaintiffs' Response thereto (Doc. 67).

**I. Background**

Plaintiffs Catherine Velardo ("Borrower") and Nelson Velardo ("Brrower's Spouse") bring this action *pro se* against Defendants Fremont Investment & Loan ("Fremont" or "Lendor"), Eastern Seaboard Financial ("Eastern" or "Broker") and America's Servicing Company ("ASC" or "Assignee") for, *inter alia*, violations of the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA").

In or around September of 2005, Borrower's Spouse negotiated with Eastern to obtain a loan to refinance Plaintiffs' mortgage. Borrower then signed the contract to obtain the loan through Fremont. On February 1, 2006 Fremont assigned the loan to ASC.

On July 18, 2006, ASC initiated a foreclosure action against Borrower in state court. On October 25, 2006 the state court entered an order striking Borrower's affirmative defenses, which included: (1) that Borrower was the victim of predatory lending, (2) that the terms contained in the contract signed by Borrower were inconsistent with the terms negotiated by Borrower's spouse and (3) that Borrower was a victim of "bait and switch" tactics.

On February 2, 2006, Plaintiffs sent "Notices of Intent to Rescind" to ASC and Fremont, alleging that Borrower was entitled to rescind the loan contracts because Defendants had violated the Consumer Protection Act, the Real Estate Settlement Procedures Act ("RESPA"), the Home Owners Equity Protection Act and the Florida Fair Lending Act. (Doc. 67 at 30, 32).

On February 8, 2007, the state court entered summary judgment in favor of ASC in the foreclosure action. Then, on February 12, 2007, Borrower filed a "Counter Complaint" in the state court action alleging violations of 15 U.S.C. § 1601 *et seq*., 12 C.F.R. § 226 and the Florida Fair Lending laws. (Doc. 32-2). This Counter Complaint was "stricken with prejudice" on July 3, 2007. (Doc. 32-3).[1] On August 6, 2007 Plaintiffs filed this action.

The Amended Complaint (Doc. 29) asserts five counts against ASC: Counts I, II and III allege violations of TILA, Count IV alleges a violation of RESPA and Count VIII alleges "unclean hands". Defendant ASC seeks dismissal of these counts with prejudice.

---

[1] Borrower has appealed this decision to Florida's Fifth District Court of Appeals (Doc. 32-5), however, that appeal has not been resolved.

**II. Legal Analysis**

*A) Rooker-Feldman Doctrine*

First, ASC argues that this Court lacks subject matter jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine.

> The *Rooker- Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In *Harper v. Chase Manhattan Bank*, 138 Fed. Appx. 130 (11th Cir. April 25, 2005), a case with facts similar to this one, the Eleventh Circuit held that

> the district court did not err in dismissing the case under the *Rooker-Feldman* doctrine. Harper's claims under the TILA, FDCPA, and ECOA were inextricably intertwined with the foreclosure proceeding in state court, as is shown by her request for an injunction to restrain Chase from enforcing the foreclosure. *Goodman,* 259 F.3d at 1332. Moreover, Harper could have raised her federal claims in state court and, in fact, she indicates she raised similar claims in opposition to the motion for summary judgment for foreclosure. Consequently, Harper had a reasonable opportunity to raise her claims of bad faith and harassment in the foreclosure action in state court. *Goodman*, 259 F.3d at 1332. The district court did not err in finding Harper's complaint barred by the *Rooker-Feldman* doctrine, because her federal claims are inextricably intertwined with the state court's judgment and she had a reasonable opportunity to raise the claims there. *Id*.

*Id*. at 133.

Plaintiffs argue that, unlike in *Harper*, the injuries claimed in this case "were not caused by the final decree of disclosure issued by the state court". (Doc. 67 at 6). Furthermore, Plaintiffs do not request an injunction preventing enforcement of the state court judgment. However, Plaintiffs' request for "free and clear title to the property" (Doc. 29 at 28) makes it clear that they are, at least in part, asking this Court to overturn the foreclosure judgment, which this Court cannot do.

Therefore, Plaintiffs' request for "free and clear title to the property involved in these loans" will be stricken. Defendant, however, makes no argument that Plaintiffs' request for money damages is barred by the *Rooker-Feldman* doctrine.

   *B) Res Judicata*

   ASC also argues that Plaintiffs claims are barred by the doctrine of *res judicata*.

   *Res judicata* actually encompasses two different preclusion doctrines: claim preclusion and issue preclusion. Claim preclusion bars the litigation of matters that could have been litigated in an earlier suit, but were not. Issue preclusion, on the other hand, bars the relitigation of matters that were actually litigated and decided in a prior suit. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S. Ct. 892, 894 n. 1, 79 L. Ed. 2d 56 (1984).

*Pelletier v. Zweifel*, 921 F.2d 1465, 1501 (11th Cir. 1991). Here, Defendant argues claim preclusion which

> bars a plaintiff from bringing a subsequent lawsuit when four requirements are met: (1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*Id.* (internal quotation marks omitted).

   ASC does not argue that the state court's order striking Borrower's counterclaims is a "final judgment on the merits." However, ASC argues that the entry of summary judgment in the state court action is a final judgment on the merits of the instant claims because those claims were compulsory counterclaims in the state court action. *See Zikofsky v. Marketing 10, Inc.*, 904 So.2d 520, 525 (Fla. 4th DCA 2005). However, this Court has not been provided with a copy of the original state court complaint, or the order granting summary judgment to ASC. Without being able to review those documents, this Court cannot determine whether *res judicata* applies.

*C) Rule 12(b)(6)*

Finally, ASC states that it is moving for dismissal under 12(b)(6) (See Doc. 53 at 4), yet makes no argument to this effect. Therefore, this Court will not address that issue.

**III. Conclusion**

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss the Plaintiffs' Amended Complaint with Prejudice (Doc. 53) is **GRANTED** in part and **DENIED** in part. Plaintiffs' request in the Amended Complaint for "free and clear title to the property" (Doc. 29 at 28) is hereby **STRICKEN**, otherwise, Defendant's Motion is denied.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 8, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party