**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CATHERINE F. VELARDO, NELSON J. VELARDO,**

       **Plaintiffs,**

-vs-                                                    Case No. 6:07-cv-1253-Orl-31GJK

**FREMONT INVESTMENT & LOAN, AMERICAS SERVICING COMPANY, EASTERN SEABOARD FINANCIAL,**

       **Defendants.**

_____

# ORDER

This matter comes before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 76) and Plaintiffs' Response thereto (Doc. 78).

**I. Background**

Plaintiffs Catherine Velardo ("Borrower") and Nelson Velardo ("Borrower's Spouse") bring this action *pro se* against Defendants Fremont Investment & Loan ("Fremont" or "Lender"), Eastern Seaboard Financial ("Eastern" or "Broker") and America's Servicing Company ("ASC" or "Assignee") for, *inter alia*, violations of the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA").

In or around September of 2005, Borrower's Spouse negotiated with Eastern to obtain a loan to refinance Plaintiffs' mortgage. Borrower then signed the contract to obtain the loan through Fremont on October 19, 2005. On February 1, 2006 Fremont assigned the loan to ASC.

On December 3, 2005 and February 2, 2006, Plaintiffs sent "Notices of Intent to Rescind" to ASC and Fremont, alleging that Borrower was entitled to rescind the loan contracts because Defendants had violated the Consumer Protection Act, the Real Estate Settlement Procedures Act ("RESPA"), the Home Owners Equity Protection Act and the Florida Fair Lending Act. (*See* Doc. 67 at 30, 32).

On July 18, 2006, ASC initiated a foreclosure action against Borrower in state court. On February 8, 2007, the state court entered summary judgment in favor of ASC in the foreclosure action. On August 6, 2007 Plaintiffs filed this action.

## II. Standard of Review

Defendants move for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c).

> Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. *White v. Lemacks*, 183 F.3d 1253, 1255 (11th Cir. 1999).

*Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002)

## III. Legal Analysis

*A) Counts I, IV and V*

Counts I and V assert causes of action for damages under 15 U.S.C. § 1640(a) for violations of TILA and Count IV seeks damages under 12 U.S.C. § 2607(d)(2) for violations of RESPA. Both of these statutes contain a statute of limitations of one year from the date the violation occurred. In this instance, the violations occurred no later than October 19, 2005, the

date the loan closed. This suit was filed in August of 2007, clearly after the expiration of that one year time period. However, "[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n. 12 (11th Cir. 2005).

The limitations period here is subject to equitable tolling if there has been some fraudulent conduct beyond just the non-disclosure. "'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Ellis v. GMAC*, 160 F.3d 703, 706 (11th Cir. 1998). This, however, is not a case where equitable tolling is appropriate. Plaintiffs admit that they were aware of the alleged violations as early as December 3, 2005. (*See* Doc. 67 at 30). Therefore, the latest Plaintiffs could have brought this action was December of 2006. Thus, Counts I, IV and V will be dismissed with prejudice.

   *B) Counts II and III*

Counts II and III assert causes of action under the TILA and request rescission of the mortgage loan under 15 U.S.C. § 1635. These causes of action are subject to a three-year statute of limitations and therefore are not time-barred. *See Malfa v. Household Bank*, F.S.B., 825 F. Supp. 1018, 1020 (S.D. Fla. 1993). However, this Court has previously ruled that the *Rooker-Feldman* doctrine prevents this Court from providing Plaintiffs with "free and clear title" to the property that is the subject of their mortgage. (Doc. 68). Therefore, this Court is without jurisdiction to award Plaintiffs the relief sought in Counts II and III and those counts will also be dismissed with prejudice.

*C) Counts VI, VII and VIII*

These counts all seek relief under various state common law theories. Having dismissed Counts I through V, this Court declines to exercise supplemental jurisdiction over these claims. Therefore, Counts VI, VII and VIII will be dismissed without prejudice so that they may be re-filed in state court.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 76) is **GRANTED** in part and **DENIED** without prejudice in part. Counts I through V are **DISMISSED** with prejudice and Counts VI through VII are **DISMISSED** without prejudice for lack of subject matter jurisdiction. All pending motions are **DENIED** as moot and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 25, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE